IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DANIEL MONTES,

      Plaintiff,

v.

                                        Civil Action No.  3:12-CV-1999-M-BK

AMERICAN HOSPITAL ASSOCIATION,
APPLIED MEASUREMENTS
PROFESSIONALS, and H&R BLOCK
PREMIUM,

      Defendants.

### FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to Special Order 3, this cause has been referred to the Court for pretrial management.  The case is now before the undersigned for a recommendation on Defendant American Hospital Association's *Motion to Dismiss*.[1]  (Doc. 4).  For the reasons that follow, it is recommended that the *Motion to Dismiss* be **GRANTED**.

**A.**    **Procedural History**

In May 2012, Plaintiff filed this lawsuit in state court, alleging that his employer required him to sit for the Certified Healthcare Facilities Manager ("CHFM") certification examination offered in conjunction with Defendant's CHFM certification process.  Complaint at ¶¶10, 43; *see also* ¶8.  He contends that he sat for the exam in April 2012, and only scored 67 out of 100, instead of the required 71 correct answers, which resulted in his job being placed in jeopardy.  Complaint at ¶¶10-11.  Plaintiff claims that he took the exam again in May 2012 and only scored 68 correct answers.  Complaint at ¶11.  Shortly thereafter, he sued Defendant, alleging that the

---

[1] American Hospital Association is the only defendant that has appeared in the case to date.

exam questions were deceptive, out-of-date, had insufficient information, and the number of questions required to pass was arbitrary. Complaint at ¶¶8, 11, 17. Plaintiff states that during the exams, he had "an overall feeling that he was defrauded." Complaint at ¶17. Plaintiff contends that after the second exam, he learned that Defendant was not licensed to grant a CHFM certificate. Complaint at ¶20. Plaintiff asserts causes of action for (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) fraud, (4) negligent misrepresentation, and (5) violations of the Texas Deceptive Trade Practices Act ("DTPA"). Complaint at ¶24. Defendant removed the case to federal court and now moves to dismiss. (Doc. 3; Doc. 4).

In response to Defendant's dismissal motion, Plaintiff argues that Defendant is improperly attempting to incorporate evidence outside the scope of the pleadings by "judicial reference" to avoid converting this motion into a summary judgment proceeding. (Doc. 6 at 2). Plaintiff also urges that Defendant is impermissibly attempting to substitute its own version of the facts for Plaintiff's statement of facts. *Id.* at 2-3, 7. Plaintiff asks the Court to convert the *Motion to Dismiss* into a motion for summary judgment so that Defendant's contemporaneously filed evidence can be considered.[2] *Id.* at 3-4.

**B.    Applicable Law**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege enough facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 572 (2007).

---

[2] A close review of the file in this case does not reveal any such contemporaneously filed evidence. In any event, the Court declines to convert this proceeding into a motion for summary judgment.

In order to overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery … or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). Moreover, the complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity. *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000).

Dismissing an action with prejudice after giving the plaintiff only one opportunity to state a claim is ordinarily unjustified. *Jacquez v. Procunier,* 801 F.2d 789, 792 (5th Cir. 1986); *see also Brown v. Texas A & M Univ.*, 804 F.2d 327, 334 (5th Cir. 1986) ("Unless we have searched every nook and cranny of the record, like a hungry beggar searching a pantry for the last morsel of food, and have determined that 'even the most sympathetic reading of plaintiff's pleadings uncovers no theory and no facts that would subject the present defendants to liability,' we must remand to permit plaintiff to amend his claim if he can do so."). If, however, a plaintiff has had a fair opportunity to make his best case and has not done so, the court should dismiss the complaint with prejudice, even if the plaintiff has not had an opportunity to amend. *Jacquez*, 801 F.2d at 792-93. In *Brown*, no second opportunity to amend the complaint to re-plead the plaintiff's procedural due process claim was necessary where the facts alleged by the plaintiff could not, as a matter of law, support such a claim. *Brown*, 804 F.2d at 335. However, the *Brown* court did allow the plaintiff to re-plead two other claims because the record contained facts which strongly intimated that he could plead cognizable causes of action. *Id.* at 336-37.

3

**C.     Arguments and Legal Analysis**

*1. Breach of Contract*

In his complaint, Plaintiff alleges that he "entered into an agreement with Defendants' [sic] whereby Defendants' [sic] sold to Plaintiff an opportunity to become a certified healthcare facilities manager" and that "[t]hese exam appointment confirmations comprise valid and enforceable contracts entitling Plaintiff to sit [for] the CHFM exam." Complaint at ¶27. He complained that Defendant breached the contract by giving him an unfair exam, giving him a failing grade, and not being certified to provide him with a CHFM certificate. Complaint at ¶¶ 25a, 29, 30.

Defendant asserts that any alleged contract was fulfilled because Plaintiff admitted in the complaint that he sat for the exam. (Doc. 4 at 8). Further, Defendant argues, Plaintiff does not allege the existence of any agreement imposing on Defendant any contractual requirement that (1) the exam include particular questions, (2) Defendant must issue the CHFM certification to someone who fails the exam, or (3) Defendant be accredited by a particular organization. *Id.* at 9.

Under Texas law, to plead a claim for breach of contract, a plaintiff must allege: (1) the existence of a valid contract; (2) that he performed or tendered performance under the contract; (3) that the defendant breached the contract; and (4) that the plaintiff sustained damages as a result of the breach. *Sport Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003). In this case, assuming that Plaintiff has properly pled the first two elements, he has not alleged that there was any agreement between himself and Defendant that (1) the exam questions be in a particular form, (2) the Defendant issue a CHFM certificate to someone who does not

correctly answer at least 71 exam questions, or (3) that Defendant be accredited to issue a CHFM certificate.

To the extent Plaintiff alleges that Defendant's exam appointment confirmations comprised enforceable contracts entitling Plaintiff to sit for the exam, Defendant fulfilled the contract because Plaintiff sat for the exam twice.  Accordingly, Plaintiff has failed to state a claim for breach of contract, and dismissal of this claim with prejudice is warranted.  *See McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561-62 (5th Cir. 1998) (noting that dismissal with prejudice is appropriate if it appears that no relief could be granted under any set of facts that could be proven consistent with the plaintiff's allegations).

*2. Good Faith and Fair Dealing*

Plaintiff contends in his complaint that his alleged contract with Defendant "contained an implied covenant of good faith and fair dealing."  Complaint at ¶35.  Defendant, however, urges that there is no such duty that applies in the context presented here.  (Doc. 5 at 10).

Under Texas law, there is no implied covenant of good faith and fair dealing in all contracts.  *City of Midland v. O'Bryant*, 18 S.W.3d 209, 215 (Tex. 2000).  Such a duty arises only in a special relationship, such as one marked by shared trust or an imbalance in bargaining power.  *Fed. Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706, 708-09 (Tex. 1990).  An example of a special relationship includes that between an insurer and an insured.  *O'Bryant*, 18 S.W.3d at 215 (declining to find a special relationship between an employer and its at-will employee).  Here, Plaintiff has not pled, and cannot in good faith plead, that any special relationship existed with Defendant that would give rise to a duty of good faith and fair dealing in their contractual relationship.  *See Coleman*, 795 S.W.2d at 708-09 (noting that mortgagor-mortgagee

relationships and creditor-guarantor relationships do not typically involve a duty of good faith and fair dealing). Accordingly, Plaintiff's complaint does not state a claim for which relief can be granted, and this claim should be dismissed with prejudice. *McConathy*, 131 F.3d at 561-62.

     *3. Fraud*

Plaintiff contends that when he was taking the CHFM exam, he had "an overall feeling that he was defrauded." Complaint at ¶17. He also alleges that Defendant concealed the "fact that Plaintiff would not receive his certification regardless [of] the number of times he takes their exam." Complaint at ¶25c. Finally, Plaintiff asserts that Defendant made affirmative representations to him that he would receive a fair exam, and it fraudulently concealed that the exam was designed to be deceptive and was created by people with no "real world experience." Complaint at ¶¶ 41-42.

Defendant asserts that Plaintiff's allegations do not rise to the level of a cognizable fraud claim. (Doc. 5 at 10-11). Further, Defendant urges, the complaint on its face negates reasonable reliance by Plaintiff, insofar as he admits that his employer required him to take the CHFM exam; therefore, Plaintiff did not rely on any alleged statements by Defendant in deciding to take the exam. (Doc. 5 at 11-12) (citing Complaint at ¶¶10, 43). Additionally, Defendant points out that after Plaintiff failed the exam the first time, he took it again; however, if fraudulent misrepresentations were made, no reasonable person would sit for the same exam a second time. *Id.* at 12.

Rule 9(b) of the Federal Rules of Civil Procedure requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." State law fraud claims are subject to this requirement. *See Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550-51 (5th Cir. 2010).

6

"To plead fraud adequately, the plaintiff must 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Id.* at 551 (quoting *ABC Arbitrage v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)). One of the essential elements of any fraud claim is the plaintiff's reliance on the allegedly fraudulent representation. *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir. 1997).

A defendant's failure to disclose information will support a claim for fraud only where the defendant has a duty to disclose. *Bradford v. Vento*, 48 S.W.3d 749, 755 (Tex. 2001). Whether such a duty exists is a question of law. *Id.* "[S]ilence may be equivalent to a false representation only when the particular circumstances impose a duty on the party to speak and he deliberately remains silent." *Id.* (citation omitted). For example, a duty to speak arises between non-fiduciaries when "one party learns later that his previous affirmative statement was false or misleading." *Union Pac. Resources Group v. Rhone-Poulenc, Inc.*, 247 F.3d 574, 586 (5th Cir. 2001). Additionally, a duty to speak arises when one party knows the other party is relying on a concealed fact, and the concealing party also knows that the relying party is ignorant of the concealed fact and does not have an equal opportunity to discover the truth. *Id.*

Here, Plaintiff has not specified the statements Defendant made that he contends are fraudulent, nor has he identified the speaker or indicated when and where each fraudulent statement was made. *Sullivan*, 600 F.3d at 551. At this stage, Plaintiff's fraud claim is nothing more than generalized complaints about an exam he failed. Plaintiff's failure-to-disclose allegations fare no better. Plaintiff does not allege that Defendant failed to correct a previous affirmative statement it made once it learned that its statement was false or misleading. *Union*

7

*Pac. Resources*, 247 F.3d at 586.  Nor does Plaintiff allege that Defendant knew he was relying on a concealed fact and had no equal opportunity to discover the truth.  *Id.*  In other words, Plaintiff has not established that Defendant had a duty to disclose anything to him.  Accordingly, Plaintiff's fraud claim should be dismissed.  Nevertheless, dismissal of this cause of action with prejudice is premature at this juncture.  *See Jacquez*, 801 F.2d at 792.  A "sympathetic reading" of the *pro se* Plaintiff's pleadings reveals that he may be able to re-plead his fraud claim in a manner that would subject Defendant to liability.  *See Brown*, 804 F.2d at 334.  Thus, it is recommended that Plaintiff be given the opportunity to re-plead this claim.  In the event Plaintiff fails to amend his complaint within 14 days of this recommendation to sufficiently state a claim for fraud, this claim should be dismissed with prejudice

    *4. Negligent Misrepresentation*

Plaintiff's negligent misrepresentation claim is based on a sub-set of the facts underlying his fraud claim, namely that Defendant represented he would receive a fair, properly-graded CHFM exam.  Complaint at ¶¶47-50.  Defendant argues that because of the similarity between Plaintiff's fraud and negligence claims, the heightened pleading requirements of Rule 9(b) apply to the negligent misrepresentation claim as well, and dismissal is required.  (Doc. 5 at 13).

The Court agrees.  *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir.), *modified on other grounds*, 355 F.3d 356 (5th Cir. 2003) ("when the parties have not urged a separate focus for the negligent misrepresentation claims," these claims are subject to Rule 9(b) in the same manner as fraud claims); *see also Biliouris v. Sundance Res., Inc.*, 559 F.Supp.2d 733, 737 (N.D. Tex. 2008) (Godbey, J.) (dismissing a negligent misrepresentation claim that was based on the same operative facts as an insufficient fraud claim).  For the same

8

reasons that the Court should dismiss Plaintiff's fraud claim, Plaintiff also has not met the requirements of Rule 9(b) in regard to his negligent misrepresentation claim. Accordingly, his negligent misrepresentation claim also should be dismissed. Nevertheless, dismissal of this cause of action with prejudice is premature at this juncture. *See Jacquez*, 801 F.2d at 792.

The elements of a negligent misrepresentation claim are: (1) the representation is made by a defendant in the course of its business; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation. *McCamish, Martin, Brown & Loeffler*, 991 S.W.2d at 791 (Tex. 1999). A "sympathetic reading" of the *pro se* Plaintiff's complaint reveals that he may be able to re-plead enough facts to demonstrate these elements in an amended complaint and thereby subject Defendant to liability. *See Brown*, 804 F.2d at 334. Thus, it is recommended that Plaintiff be given the opportunity to re-plead this claim as well. In the event Plaintiff fails to amend his complaint within 14 days of this recommendation to sufficiently state a claim for negligent misrepresentation, this claim should be dismissed with prejudice.

   *5. Texas DTPA Claim*

In his complaint, Plaintiff alleges that he was a consumer for purposes of the DTPA because he acquired an appointment to sit for the CHFM examination and sought a piece of paper certifying that he had passed the exam. Complaint at ¶ 53. He contends that Defendant engaged in various false, misleading or deceptive practices under the DTPA in violation of Tex. Bus. and Comm. Code sections 17.46(b)(5), (7), (9), (10), (12), (20) and (24). Plaintiff also

9

charges that Defendant engaged in unconscionable acts in its "certification scheme sale." Complaint at ¶55.

Defendant argues that Plaintiff's DTPA claim is subject to the pleading requirements of Rule 9(b) and fails for the same reasons that his fraud and negligent misrepresentation claims fail. (Doc. 5 at 14). Further, Defendant maintains, Plaintiff is not a "consumer" under the DTPA because he was seeking to purchase an intangible certification, rather than a tangible good. *Id.* at 14-15. Last, Defendant asserts that Plaintiff did not provide the required 60-day notice prior to filing his DTPA action. *Id.* at 16.

Plaintiff's DTPA claim is subject to the pleading requirements of Rule 9(b). *See Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001) (stating that "Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not."); *see also Berry v. Indianapolis Life Ins. Co.*, 608 F.Supp.2d 785, 800 (N.D. Tex. 2009) (Boyle, J.) (holding that claims alleging violations of the DTPA are subject to Rule 9(b)'s requirements); *Patel v. Holiday Hospitality Franchising, Inc.*, 172 F.Supp.2d 821, 825 (N.D. Tex. 2001) (McBryde, J.) (same); *El Conejo Bus Lines, Inc. v. Metropolitan Life Ins. Co.*, 1999 WL 354237, *2 (N.D. Tex. 1999) (Fitzwater, J.) (same).

Being a "consumer" is an essential element of a DTPA claim. *Riverside Nat. Bank v. Lewis*, 603 S.W.2d 169, 173 (Tex. 1980). Under the DTPA, a "consumer" is defined as "an individual . . . who seeks or acquires by purchase or lease, any goods or services . . . ." TEX. BUS. & COMM. CODE § 17.45(4). The term "goods" is defined as "tangible chattels or real property purchased or leased for use." *Id.* § 17.45(1). This Circuit has held that intangibles are not "goods" and thus, are excluded from coverage under the DTPA. *See Swenson v. Engelstad*, 626

10

F.2d 421, 428 (5th Cir. 1980) (stock certificates, choses in action, and other incorporeal rights).

Plaintiff has not alleged any specific misrepresentations by any particular person at any particular time and has thus not met Rule 9(b)'s requirements. Therefore, his DTPA claim fails for the same reason as his fraud and negligent misrepresentation claims. *Lone Star Ladies*, 238 F.3d at 368. Moreover, Plaintiff is not a "consumer" within the meaning of the DTPA because he was not a purchaser of any good as that term is defined under the DTPA. Although Plaintiff carefully framed his complaint to state that he "acquired an appointment to sit for the exam" and "sought a piece of paper certifying that he had passed the exam," there can be no question that the underlying intangible that Plaintiff sought was the CHFM certification itself. Such an intangible is not a "good" and is thus excluded from coverage under the DTPA. *See Swenson*, 626 F.2d at 428. Accordingly, Plaintiff's DTPA claim should be dismissed with prejudice. *McConathy*, 131 F.3d at 561-62.

**D.   Recommendation**

For the reasons set forth above, Defendant's *Motion to Dismiss* (Doc. 4) should be **GRANTED**. <u>Plaintiff is granted 14 days from the date of this Recommendation to re-plead his fraud and negligent misrepresentation claims</u>. If Plaintiff does not file an amended complaint that sufficiently states fraud and negligent misrepresentation claims against Defendant within the 14 days allotted for objections to this Recommendation, all claims should be **DISMISSED WITH PREJUDICE**. In any event, Plaintiff's breach of contract, good faith and fair dealing, and Texas DTPA claims should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on September 18, 2012.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE