IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DANIEL MONTES,

      Plaintiff,

v.

                                                      Civil Action No.  3:12-CV-1999-M-BK

AMERICAN HOSPITAL ASSOCIATION,
APPLIED MEASUREMENTS
PROFESSIONALS, and H&R BLOCK
PREMIUM,

      Defendants.

### FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to *Special Order 3*, this case is now before the undersigned for a recommendation on Defendant American Hospital Association's *Motion to Dismiss Plaintiff's First Amended Complaint*.[1]  (Doc. 20).  For the reasons that follow, it is recommended that the motion be **GRANTED**.

**A.**    **Procedural History**

In May 2012, Plaintiff filed this lawsuit in state court, alleging that his employer required him to sit for the Certified Healthcare Facilities Manager ("CHFM") certification examination offered in conjunction with Defendant's CHFM certification process.  (Doc. 3 at 20-21, 28).  Plaintiff contended that he took the exam in April 2012, and only scored 67 out of 100, instead of the required 71 correct answers, which resulted in his job being placed in jeopardy.  *Id.* at 20-21.  Plaintiff claimed that he took the exam again in May 2012 and only scored 68 correct answers.  *Id.* at 21.  Shortly thereafter, he sued Defendant, alleging that the exam questions were deceptive,

---

[1] American Hospital Association is the only defendant that has appeared in the case to date.

out-of-date, had insufficient information, and the number of questions required to pass was arbitrary. *Id.* at 20, 22. Plaintiff asserted causes of action for (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) fraud, (4) negligent misrepresentation, and (5) violations of the Texas Deceptive Trade Practices Act. *Id.* at 23.

Defendant removed the case to federal court and moved to dismiss. (Doc. 3; Doc. 4). Upon the recommendation of the undersigned, the District Court dismissed Claims One, Two, and Five and allowed Plaintiff leave to amend his fraud and negligent misrepresentation claims. (Doc. 18; Doc. 24). Plaintiff now has filed an amended complaint, which Defendant again moves to dismiss. (Doc. 19; Doc. 20).

**B.     Applicable Law**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege enough facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 572 (2007). In order to overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). Moreover, the complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity. *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000).

### C.     Arguments and Legal Analysis

*1. Fraud*

In his amended complaint, Plaintiff contends that he received and relied on Defendant's online advertising, which misrepresented that their CHFM exam was fair and tested tasks that "are performed regularly in practice." (Doc. 19 at 2-3, 5-7). He then lists a series of questions asked on the tests that he took, pointing out the flaws in the questions. Plaintiff claims the questions are deceptive, and he relied on Defendant's misrepresentation that its exam content was not fraudulent. *Id.* at 3-6. Plaintiff complains that (1) Defendant kept his second exam fee even after he gave Defendant notice that its exam was fraudulent; and (2) he lost his job as a result of failing the exam. *Id*. at 4-5.

Defendant asserts that Plaintiff admitted that approximately half of the questions on the exam did involve tasks that are performed regularly in practice, but Plaintiff is disregarding the alleged advertisement's language that the test also would include matters that are "considered important to competent practice." (Doc. 21 at 9-10; *see also* Doc. 25 at 3-4 (Defendant's reply brief)). Defendant argues that the online advertisement, taken as a whole, is not alleged to be false, and Plaintiff's claim should be dismissed on that basis. (Doc. 21 at 10-11; *see also* Doc. 25 at 4). Defendant contends that Plaintiff also cannot demonstrate that he relied on any purported misrepresentations Defendant made because Plaintiff admitted that he was required by his employer to take the certification exams. (Doc. 21 at 11-12; *see also* Doc. 25 at 2-4). Finally, Defendant asserts that Plaintiff has not pled his fraud claim with the requisite particularity because his citation to Defendant's online advertisement does not clarify the "who, when, where, and how" of his claim. (Doc. 21 at 13-14).

3

Plaintiff responds that he has satisfied the heightened pleading standard for his fraud claim because he detailed why the statements Defendant made were fraudulent and that Defendant knew they were fraudulent and made them recklessly. (Doc. 22 at 4-5).

Rule 9(b) of the Federal Rules of Civil Procedure requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." State law fraud claims are subject to this requirement. *See Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550-51 (5th Cir. 2010). To state a cause of action for fraud, Plaintiff must allege that (1) Defendant made a representation to Plaintiff; (2) the representation was material; (3) the representation was false; (4) at the time of the representation Defendant knew the representation was false or made the representation recklessly and without knowledge of its truth; (5) Defendant made the representation with the intent that Plaintiff act upon it; (6) Plaintiff justifiably relied on the representation; and (7) the representation caused injury to Plaintiff. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001). Reliance on the allegedly fraudulent representation is an essential element of a fraud claim. *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir. 1997).

In this case, Plaintiff's fraud claim fails because he negated the element of reliance in his amended complaint. While Plaintiff did claim that he relied on Defendant's online advertisement in taking the certification exam, he simultaneously admitted that his passing the test was a job requirement, and he only took Defendant's test a second time under threat of termination. (Doc. 19 at 4, 6). That alone is fatal to Plaintiff's fraud claim. *Williams*, 112 F.3d at 177. But Plaintiff's fraud claims fails for other reasons as well, not the least of which is that Plaintiff cannot demonstrate that Defendant knowingly made a false or reckless representation. *FirstMerit Bank*, 52 S.W.3d at 758. As Defendant points out, Plaintiff admitted that "about half

4

of the questions were familiar calculations and tasks that a real world facilities manager would perform," which is consistent with Defendant's alleged advertisement that its exam "tests tasks that are performed regularly in practice." (Doc. 19 at 2, 6). But Plaintiff disregards the quoted advertisement's language that the test also would cover matters that "are considered important to competent practice," which could encompass the so-called "unusual questions not regularly performed" about which he complains. *Id.* at 2, 6. Because Plaintiff cannot demonstrate the falsity or recklessness of Defendant's alleged advertisement, his fraud claim may properly be dismissed on this basis as well. Furthermore, because Plaintiff previously has been given an opportunity to amend his complaint, dismissal of this cause of action should be with prejudice. *Jacquez v. Procunier*, 801 F.2d 789, 792-93 (5th Cir. 1986) (holding that if a plaintiff has had a fair opportunity to make his best case and has not done so, the court should dismiss the complaint with prejudice).

   *2. Negligent Misrepresentation*

   Plaintiff's negligent misrepresentation claim is based on a sub-set of the facts underlying his fraud claim, namely that Defendant represented he would receive a fair, properly-graded CHFM exam that "tests tasks that are performed regularly in practice." (Doc. 19 at 7). Defendant argues that because of the similarity between Plaintiff's fraud and negligence claims, the heightened pleading requirements of Rule 9(b) apply to the negligent misrepresentation claim as well, and dismissal is required. (Doc. 21 at 15-16).

   The Court agrees. *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir.), *modified on other grounds*, 355 F.3d 356 (5th Cir. 2003) ("when the parties have not urged a separate focus for the negligent misrepresentation claims," these claims are subject to

Rule 9(b) in the same manner as fraud claims); *see also Biliouris v. Sundance Res., Inc.*, 559 F.Supp.2d 733, 737 (N.D. Tex. 2008) (Godbey, J.) (dismissing a negligent misrepresentation claim that was based on the same operative facts as an insufficient fraud claim). For the same reasons the Court should dismiss Plaintiff's fraud claim, his negligent misrepresentation claim also fails. Accordingly, that claim should be dismissed with prejudice as well. *Jacquez*, 801 F.2d at 792-93.

### D.     Conclusion

For the reasons set forth above, Defendant's *Motion to Dismiss* (Doc. 20) should be **GRANTED**, and Plaintiff's amended complaint should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on December 12, 2012.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE